**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **OHIO SAVINGS BANK,** ) | **CASE NO. 1:04CV128** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **Vs.** ) | |
| ) | |
| **MANHATTAN MORTGAGE CO., INC.,** ) | **OPINION AND ORDER** |
| **ET AL.,** ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J:**

On January 26, 2004, Ohio Savings Bank (OSB) filed a Complaint in U.S. District Court alleging Breach of Contract and Civil Conspiracy claims against all defendants, Breach of Warranty and Contractual Indemnity claims against Manhattan Mortgage Company, Inc., (Manhattan) and Breach of Fiduciary Duty and Negligence claims against Cohen & Louis, LLP and Gus M.Contos (Contos). Manhattan has moved this Court to dismiss the claims against it or, in the alternative, to transfer venue to New York.. Defendants Cohen & Louis and Gus Contos have moved this Court to dismiss for lack of personal jurisdiction, forum non conveniens and failure to join indispensable parties. For the following

1

reasons the Court denies Manhattan's Motion to Dismiss or Transfer Venue, denies Defendant Cohen & Louis' Motion to Dismiss and denies Defendant Gus M. Santos' Motion to Dismiss.

## I. FACTS

The facts in this case, as alleged in the Amended Complaint, involve a Master Broker Agreement (MBA) between Plaintiff and Defendant Manhattan Mortgage. Manhattan acted as a broker and originator of residential mortgage loans. Manhattan would then sell the loans to OSB at or near closing. Manhattan selected closing agents (defendants Cohen & Louis LLP and Contos) and appraisers; helped in completing applications; verified employment and credit history; and gathered additional information, as required by OSB.

Plaintiff alleges various violations of the Master Broker Agreement in connection with these loans. In addition, Plaintiff alleges that Defendant closing agents failed to comply with the specific, agreed upon, procedural requirements in closing loans.

The main issue before this Court is the applicability of the forum selection clause found in the MBA between OSB and Manhattan.

### Defendant Manhattan's Motion to Dismiss

In its Motion to Dismiss, Manhattan alleges improper venue, lack of personal jurisdiction, failure to state a claim and failure to join indispensable parties. Manhattan alleges that the properties in question are not residential properties and are not subject to the Master Broker Agreement. If true, then there was no consent to jurisdiction and venue and the claims by OSB are not properly brought in this District Court. Also, if the transactions in question are not subject to the MBA then there is no breach of contract and Plaintiff has failed to state a claim. Defendant Manhattan also alleges that

2

Plaintiff knew that the properties in question were not residential properties as evidenced by documents in OSB's possession.  This further evidences, according to Defendant Manhattan, that the Master Broker Agreement does not apply.  Without the MBA there is no consent to jurisdiction or venue and Manhattan asks this Court to dismiss or transfer venue to New York where all the defendants, properties, and vast majority of witnesses are located.

### Cohen and Louis LLP and Gus Contos' Motions to Dismiss

Cohen & Louis, LLP and Gus Contos move to dismiss Plaintiff's Complaint for lack of personal jurisdiction, improper venue and failure to join indispensable parties.  Cohen & Louis and Gus Contos were not signatories to the Master Broker Agreement and therefore, did not consent to jurisdiction here.  Cohen & Louis, and Contos are New York parties.  Plaintiff argues that they are subject to this courts jurisdiction under Ohio's long arm statute due to the numerous and ongoing business transactions between these defendants and OSB.

## II. STANDARD OF REVIEW

### (A) Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12 (b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.  *Roth Steel Products v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts

entitling him to recovery. *Conley v. Gibson*, 357 U.S. 41, 45-46 (1957).

### (B)  Lack of Personal Jurisdiction

Plaintiff, Ohio Savings Bank has the burden of establishing the district court's personal jurisdiction over Defendants. *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co., Ltd.,* 91 F.3d 790, 793 (6th Cir.1996). As this Court has not conducted an evidentiary hearing on the issue of personal jurisdiction in considering Manhattan's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Ohio Savings Bank, "need only make a prima facie showing of jurisdiction." *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). OSB can meet this burden by "establishing with reasonable particularity sufficient contacts between [Manhattan] and the forum state to support jurisdiction." *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987).

Fed. R. .Civ. P. 12(d) provides that a motion to dismiss brought under Fed. R. Civ. P. 12(b)(2) may be heard and determined before trial, but that the court has the power to defer hearing of evidence and a ruling on the motion until trial. "As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." *Gibbs v. Buck,* 307 U.S. 66, 71-72 (1939).

The case law establishes a settled procedural scheme to guide trial courts in the exercise of this discretion. If it decides that the motion can be ruled on before trial, the court "may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2nd Cir.1981). However the court handles the motion, the plaintiff always bears the burden of

4

establishing that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 929 (6th Cir.1974). The weight of the plaintiff's burden, however, depends on whether the trial court chooses to rule on written submissions or to hear evidence on the personal-jurisdiction issue (either pretrial or during trial). If the court rules on written submissions alone, the plaintiff may not rest on his pleadings to answer the movant's affidavits, but must set forth, "by affidavit or otherwise [,] ... specific facts showing that the court has jurisdiction." *Id.* at 930. When the trial court has determined that the motion to dismiss for lack of personal jurisdiction can be decided upon these written submissions, it "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir.1980), *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981) (quoting *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 571 (S.D.Fla.1978)). Thus, Plaintiff's burden is merely that of making a *prima facie* showing that personal jurisdiction exists. *Id.* at 438. If Plaintiff meets that burden the motion to dismiss should be denied, "notwithstanding any controverting presentation by the moving party." *Marine Midland Bank,* 664 F.2d *supra* at 904. Any other rule would empower a defendant to defeat personal jurisdiction merely by filing a written affidavit contradicting jurisdictional facts alleged by a plaintiff. *Data Disc, Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977). As the Supreme Court has said in *McNutt,* the party asserting jurisdiction "must carry throughout the litigation the burden of showing that he is properly in court." *McNutt, supra* at 189.

### (C) Improper Venue

Defendant also seeks dismissal for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). On a

motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *See, e.g., Moore v. AT & T Latin America Corp.,* 177 F.Supp.2d 785, 788 (N.D.Ill.2001); *Solow Bldg. Co., LLC v. ATC Assocs., Inc.,* 175 F.Supp.2d 465, 469 (E.D.N.Y.2001). If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court. *See* 28 U.S.C. § 1406. In the alternative, Manhattan seeks a transfer of the case to a district court in New York pursuant to 28 U.S.C. § 1404(a).

### (D) Forum Selection Clauses

The Supreme Court of Ohio has adopted this view, in the syllabus paragraph of *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.* (1993), 66 Ohio St.3d 173, 610 N.E.2d 987, holding that "[a]bsent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust." The court noted that a valid forum-selection clause is one legal arrangement by which the parties to a contract may waive the due-process requirement for personal jurisdiction enunciated in *Internatl. Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny, and consent to the jurisdiction of a particular court system. See *Kennecorp Mtge. Brokers, Inc. v. Country Club Convalescent Hosp., Inc.*, *supra* at 175.

In determining the validity of a particular forum-selection clause, therefore, trial courts should employ a three-step analysis. First, the commercial nature of a contract is a vital factor weighing in favor of enforcement of the forum-selection clause. *See Id.* at syllabus. Commercial forum-selection clauses

6

between for-profit business entities are prima facie valid. *See Id.* at 175. The federal courts, moreover, have held that forum-selection clauses are presumptively valid even in form contracts, or contracts of adhesion, arising between a cruise line and its noncommercial consumer passengers. See *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).

### **(E) Transfer of Venue**

A Rule 12(b)(3) motion to dismiss for improper venue is the procedural vehicle by which to challenge improper venue as the Rules of Civil Procedure do not contain any venue provisions or requirements. The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue. Section 1406(a) applies only where venue is improper. *Van Dusen v. Barrack, et al.,* 376 U.S. 612 at 634, (1964), " §1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, §1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege".

The US Supreme Court in *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988) held that 28 U.S.C. 1404(a) governs a district court's decision when determining what effect to give a forum selection clause contained within a contract. 1404(a) states, "for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court stated that the district court should consider a number of factors when determining whether to transfer a case when there is a valid enforceable forum selection clause. The presence of a forum selection clause will be a significant factor but, it is not dispositive. In addition the Court must examine:

1) the convenience of parties

2) the fairness of the transfer in light of the forum selection clause

3) the relative bargaining power of the parties to the forum selection clause

4) convenience of witnesses

5) public interest in systemic integrity and fairness

*Id.* at 29,30.

The Sixth Circuit in *Moses v. Business Card Express,* 929 F.2d 1131 (6th Cir. 1991) held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  The Court in the *Moses* case looked at the sophistication of the parties in forming the contract to determine whether the forum selection clause was unreasonable.  As an important side note, the Supreme Court in *Stewart* did not consider the additional expense to the resisting party as an important factor to consider.  The Court found that such expense is a logical consequence of a forum selection clause and is not a basis for finding it invalid.

In *Creditors Collection Bureau, Inc. v. Access Data, Inc.* 820 F. Supp. 311 (W.D. Ky. 1993) the Court found that, although a significant factor, the presence of a forum selection clause is not dispositive, does not mandate a finding that venue is improper elsewhere, and did not mandate transfer to the venue chosen in the forum selection clause.

### (F) Failure to Join Indispensable Parties

The standard of review in determining whether a claim should be dismissed for failure to join a

party is found in *Yates v. Applied Performance Technologies, Inc.,* 209 F.R.D. 143 (S.D. Ohio 2002). A three-part test is used to determine whether a claim should be dismissed for failure to join a party. "The first step in determining the question of joinder under Rule 19 is whether a person is necessary to the action and should be joined if possible ... If a person is found to meet one of the criteria set forth in 19(a), the person is to be joined if feasible and the issue of whether the court may exercise personal jurisdiction over the person arises... If personal jurisdiction is present, the person shall be joined. However, in the absence of personal jurisdiction, or if venue as to the person is improper, the court must proceed to the third step which involves an analysis under 19(b) to determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable." Fed.R.Civ.P. 19(b). *Soberay Machine & Equipment Co. v. MRF Limited, Inc.,* 181 F.3d 759, 763-64 (6th Cir.1999). If the Court determines that the person is not "necessary" to the action, no further analysis, and no joinder, is needed. *See Local 670, United Rubber, Cork, Linoleum and Plastic Workers of America v. Int'l Union,* 822 F.2d 613, 618 (6th Cir.1987).

"The complete relief provision of Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *Morgan Guaranty Trust Co. of New York v. Martin*, 466 F.2d 593 (7th Cir.1972). "The complete relief requirement concerns the ability of the already included defendants to fully satisfy any judgment awarded to plaintiff." *Bedel v. Thompson,* 103 F.R.D. 78 at 80, (S.D. Ohio 1984).

## III. ANALYSIS

### (A) GUS CONTOS' MOTION TO DISMISS

As a preliminary matter, the Court denies Defendant Gus M. Contos' Motion to Dismiss as untimely filed. Pursuant to Federal Civil Rule of Procedure 12(b) a Motion to Dismiss alleging improper venue, lack of personal jurisdiction and failure to join an indispensable party must be made prior to the filing of a responsive pleading. As Defendant Contos filed his answer to the amended complaint on May 11, 2004, and then filed his Motion to Dismiss on April 8, 2005, he is foreclosed from moving to dismiss after filing his answer.

### (B) MANHATTAN'S MOTION TO DISMISS

#### (1) Lack of Personal Jurisdiction and Improper Venue

The issue of the forum selection clause before this Court involves its applicability to the transactions at issue and not the validity of the clause itself. The forum selection clause in the MBA states in part:

> This Agreement shall be construed and enforced in accordance with the laws and of the State of Ohio. The parties hereby consent and submit themselves to the jurisdiction and venue in any State and Federal Court located in the City of Cleveland, Ohio for purposes of any legal or equitable proceeding arising from, out of or in connection with this Agreement...

The preceding language clearly evidences the intent of the parties to consent to personal jurisdiction and venue in Cleveland area courts.

10

Manhattan does not argue that the clause was unreasonable nor does it argue there was an impropriety in its inclusion, formation, or its terms.  The sole argument against its enforcement is its applicability to the alleged transactions before this Court.  If the transactions are not covered by the MBA then the forum selection clause is not a factor and personal jurisdiction may only be ascertained by an analysis of Ohio's long arm statute.

This Court has reviewed the motions and supporting affidavits and finds, when construed in a light most favorable to plaintiff, that the MBA governs the transactions at bar and, in light of the forum selection clause, jurisdiction and venue are properly before this Court.  In his affidavit, attached to Plaintiff's Reply to Defendant's Motion to Dismiss, Stephen J. Trayte, vice president of wholesale lending for Plaintiff, attests, that the MBA is the sole basis of the business relationship between OSB and Manhattan.  He further attests that OSB does not conduct any business with mortgage brokers without a contract and that the MBA is the sole contract between OSB and Manhattan.  ( Trayte affidavit).  Under the analysis of *Marine Midland Bank* this prima facie evidence of the applicability of the forum selection clause to the transactions at bar is sufficient to confer personal jurisdiction and venue notwithstanding any controverting presentation by Manhattan. *Marine Midland Bank* 664 F.2d at 904. The court need not engage in the analysis of Ohio's long arm statute for determining personal jurisdiction when the forum selection clause clearly evidences the parties' intention to confer jurisdiction on Cleveland area courts.

### **(2)  Failure to State a Claim**

11

Defendant Manhattan Mortgage argues that the MBA does not apply to the transactions that form the basis of the Complaint. It follows logically, then, that without a contracted-for obligation on the part of Manhattan there cannot be Breach of Contract claims and plaintiff's Complaint should be dismissed. Under the *Roth Steel* standard of review this Court is obligated to construe all the allegations in Plaintiff's complaint as true. As Plaintiff has sufficiently alleged that the MBA controls all the transactions between plaintiff and defendant this Court must construe this allegation as true for purposes of a Fed.R.Civ.P. 12(b) motion. Therefore, the Court denies Defendant's Motion to Dismiss for failure to state a claim.

### (**3**) **Failure to Join an Indispensable Party**

Pursuant to the analysis required under Rule 19 of the Federal Rules of Civil Procedure and *Yates*, the Court finds that the parties present before the Court are sufficient to accord complete relief to Plaintiff. The Complaint alleges breach of contract damages that OSB may pursue against Manhattan under the terms of the MBA. Whether Defendant Manhattan seeks contribution or indemnification against third parties is its own decision and is not a basis for dismissal under Fed.R.Civ.P. 12(b)7 and 19. This Court finds persuasive Plaintiff's argument that in a breach of contract action, it is sufficient, for purposes of Rule 19, that the parties to the contract be brought in to the action. Only those parties subject to the agreement can be liable for its breach. Therefore, Defendant"s Motion to Dismiss for failure to join indispensable parties is denied.

### (**4**) **Transfer of Venue**

Upon examination of factors relied upon in the *Stewart* and *Moses* cases this Court finds that transfer of venue is not warranted and denies Manhattan's motion to transfer.  This Court recognizes that the properties in question, the majority of parties and witnesses and the overwhelming amount of evidence lies in New York.  However, the plain language of the forum selection clause clearly evidences the intent of the parties to have disputes on the Agreement litigated in Cleveland.  In *Stewart*, the Court found that the presence of a forum selection clause was a significant factor when faced with a motion under 28 U.S. C. §1404a to transfer. 28 U.S.C. §1404a states: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The Court notes that the convenience of parties favors defendant's motion; however, the Court finds that the public interest in enforcement of bargained for terms in a contract coupled with the express terms of the forum selection clause and the relative equivalence in commercial sophistication of the parties to the Agreement warrant denial of Defendant's Motion to Transfer Venue.

Finally, the Court notes that Manhattan's motion to dismiss OSB's breach of warranty claims are denied as the Court has found the MBA controls the transactions in question.

### (**C**)  COHEN & LOUIS' MOTION TO DISMISS

### Lack of Personal Jurisdiction

Defendant Cohen & Louis moves this Court to dismiss for lack of personal jurisdiction. Defendant argues that it was not a signatory to the MBA and is not subject to its forum selection clause. As it is undisputed that Cohen & Louis is not a signatory to the MBA the Court must examine the claims of personal jurisdication in light of Ohio's long arm statute R.C. § 2307.382(1).  The Court

13

finds, when construed in a light most favorable to Plaintiff, a prima facie case for personal jurisdiction over defendant has been established and finds that personal jurisdiction over Defendant does not violate due process.  The Court recognizes that the standard of review for purposes of personal jurisdiction favors Plaintiff on a Motion to Dismiss and also recognizes that greater weight is to be given Plaintiff's allegations when the Court has not conducted an evidentiary hearing on the issue. Therefore, the Court, upon motion of Defendant Cohen & Louis, will reconsider the question of personal jurisdiction after completion of the scheduled mediation. The Court also denies Cohen & Louis' Motion to Dismiss for lack of venue and failure to join indispensable parties.

    For reasons stated above, the Court denies defendants' Motions to Dismiss.

    IT IS SO ORDERED.


Date: <u>May 5, 2005</u>                              /s/ Christopher A. Boyko
                                                          CHRISTOPHER A. BOYKO
                                                          United States District Judge
                                                          Original signature on file