UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO SAVINGS BANK | ) | CASE NO.1:04CV128 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MANHATTAN MORTGAGE CO., | ) | OPINION AND ORDER |
| ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Renewed Motion to Dismiss Defendant Gus Contos (ECF Dkt #66), Erik Johnson's Motion to Transfer Venue (ECF Dkt#129) and Third-Party Defendant Cheryl Rosenthal's Motion to Dismiss Third-Party Complaint of Cohen & Louis LLP (ECF Dkt#146). For the following reasons, the Court grants in part the motions and Orders this case transferred to the United States District Court for the Southern District of New York for further adjudication.

These Motions are submitted by Defendants Gus Contos, a New York attorney who acted as closing agent for OSB on approximately five to six of the real estate purchases at issue in this

1

ever-expanding litigation. Erik Johnson, a real estate appraiser located in New York, and Cheryl Rosenthal, a title closer. Contos has moved to dismiss the claims against him for lack of personal jurisdiction, *forum non conveniens* and failure to join indispensable parties. Johnson has moved to transfer venue in the interests of justice and Rosenthal has moved to dismiss for failure to state a claim and lack of personal jurisdiction.

## FACTS

The facts in this case, as alleged in the Amended Complaint, involve a Master Broker Agreement (MBA) between Plaintiff and Defendant Manhattan Mortgage. Manhattan acted as a broker and originator of residential mortgage loans. Manhattan would then sell the loans to OSB at or near closing. Manhattan selected closing agents (defendants Cohen & Louis LLP, and Contos) and appraisers; helped in completing applications; verified employment and credit history; and gathered additional information, as required by OSB. OSB's Amended Complaint alleges claims against Manhattan, Cohen & Louis LLP, Cohen and Louis in their individual capacities and Gus Contos. All defendants are New York residents.

Plaintiff alleges various violations of the Master Broker Agreement in connection with these loans. In addition, Plaintiff alleges Defendant closing agents failed to comply with the specific, agreed upon procedural requirements in closing loans.

Plaintiff alleges Contos received approximately $3,438,250.00 to close the six loans in question. Contos was recommended to OSB by Manhattan Mortgage. Since July 2003, Plaintiff alleges Contos has acted as closing agent for OSB on approximately twenty loans. In addition, Plaintiff alleges Contos: executed numerous contracts with OSB, owed a fiduciary duty to OSB to distribute loan proceeds in accordance with OSB's closing instructions and HUD-1 disclosure

2

statements, used OSB's proprietary website, delivered loan documents to Ohio and received substantial revenue for his services from Ohio.

Defendants and Third-Party Plaintiffs Cohen & Louis LLP, Barry Cohen and James Louis, filed a Third-Party Complaint naming Cheryl Rosenthal, Erik Johnson and twenty-eight other defendant insurance underwriters, title agents, and appraisers, seeking indemnification and/or contribution if third-party Plaintiffs are found liable. Twenty-seven of the twenty-nine named third-party defendants are New York residents. One is a New Jersey resident and one is a California resident.

Manhattan Mortgage has also filed a Third-Party Complaint naming five third-party defendant insurance underwriters and title insurance agencies. Four of the five named third-party defendants are New York residents and the fifth is a Philadelphia, Pennsylvania company.

## STANDARD OF REVIEW

Plaintiff's Amended Complaint alleges federal jurisdiction pursuant to 28 U.S.C. §1332, as there is diversity of citizenship.

28 U.S.C. §1391(a) states:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1404(a) this Court has broad discretionary powers to transfer civil actions. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."

It is true that "the venue of the third-party proceedings will follow that of the original proceedings and third-party defendants may be brought in without regard to venue," *McGrath v. Lund's Fisheries, Inc.,* 170 F. Supp. 173, 175 (D. Del. 1959). However, even though a third-party defendant could not challenge the venue of the underlying action, a third-party defendant could bring a motion for transfer of venue based upon the doctrine of *forum non conveniens* under 28 U.S.C. §1404(a)." *Paragon Financial Group, Inc. v. The Bradley Factor, Inc.,* No. 1:02 CV 222, unreported, 2003 WL 23471548 *10 (E.D. Tenn. Dec. 3, 2003), citing *Daily Express, Inc. v. Northern Neck Transfer Corp.,* 483 F. Supp. 916 (M.D. Pa. 1979). "Plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing." *Paragon* at *11, citing *Grand Kensington LLC v. Burger King Corp.,* 81 F. Supp.2d 834, 836 E.D. Mich. 2000).

OSB and Manhattan's contract contains a choice of forum clause naming Cleveland as the appropriate forum. The U.S. Supreme Court has held, "1404(a) accords broad discretion to district court, and plaintiff's choice of forum is only one relevant factor for its consideration." *Stewart Organization, Inc. et al., v. Ricoh Corp.,* 487 U.S. 22, 31 (1988). Also in *Stewart*, the Supreme Court held, "the forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (parentheticals omitted) nor no consideration (parentheticals omitted) but rather the consideration for which Congress provided in §1404(a)." *Id.*

"Although there is no definitive list of factors that must be considered in determining whether change of venue is warranted for convenience of parties and witnesses, a district court may consider a number of case-specific factors including, but not limited to: (1) the nature of the suit; (2) the place of events involved; (3) relative ease of access to sources of proof; (4) nature and materiality of testimony to be elicited from witnesses who must be transported; (5) respective courts' familiarity with applicable law and conditions of their dockets; and (6) residences of parties. *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp.2d 1039 (S.D. 2002).

In considering these factors, the Court finds the overwhelming weight militates towards transfer. This Court has considered the parties intent to litigate any conflicts on the contract in Ohio. In fact, this Court ruled early in these proceedings that it believed the parties should be required to litigate this case in Cleveland. This decision was prior to the naming of third-party defendants and involved only those defendants who had contracted with OSB. However, with the addition of several new defendants, all of whom have no contractual relationship to OSB, this Court has reached the conclusion that the interests of justice require transfer of these proceedings to the Southern District of New York.

This Court also considered a July 12, 2006, decision of the Sixth Circuit in *Preferred Capital, Inc., v. Associates in Urology*, \_\_\_\_\_F.3d \_\_\_\_, (6th Cir 2006), 2006 WL 1896095, reversing the lower court's dismissal of plaintiff's case for lack of jurisdiction. The district court found a forum selection clause unenforceable as being unjust. The Sixth Circuit determined the commercial nature of the contract, entered into by two business entities, in the absence of evidence of fraud in the inducement of the forum selection clause, warranted its enforcement. The Court finds *Preferred Capital* distinguishable from this case. Where *Preferred Capital* dealt

with only two parties, this Court is confronted with thirty plus defendants. Where the parties in *Preferred Capital* were both commercial entities, this case involves several named individuals. Finally, the parties in *Preferred Capital* were residents of Ohio and Pennsylvania, which are contiguous states. The Sixth Circuit found the distance between the two would not prevent Defendant its day in court. Here, the parties are not located in neighboring states and the distance is substantial, especially for individuals who presumably lack the resources of larger commercial entities. In that light, OSB is better equipped financially to prosecute its interests in a foreign state than the individual residents of New York.

This Court is now confronted with over thirty direct and third-party defendants who are residents of New York. Many of these defendants are not commercial entities but are individuals who have had limited or no contact with the state of Ohio. The properties in question are all located in Manhattan, New York and another suit is pending in New York between OSB and Cohen & Louis. The parties have indicated their intent to depose all defendants, which would necessitate thirty to forty depositions, almost all of whom would be New York deponents. Erik Johnson has claimed his signature on the appraisals alleged to have been performed by him are forgeries. Also, the value of the properties is a genuine issue in this case, necessitating additional New York appraisals.

In applying the factors suggested in *Centreville*, the Court finds change of venue is appropriate. First, the nature of the suit involves the value of properties located in Manhattan. The events in question took place in Manhattan, including appraisals of the property. Access to sources of proof, including depositions, appraisals and title searches, all overwhelmingly favor New York. Testimony on the appraisals of the property, compliance in closing the properties by

New York closing agents, title searches that occurred in New York and the testimony of sellers and purchasers of the properties in question all militate towards transfer to New York. Finally, all but three of the thirty plus defendants and third-party defendants are New York residents. Two of those three are New Jersey and Philadelphia residents, making New York a more convenient location to litigate than Cleveland.

Therefore, the Court orders this case transferred to the United States District Court for the Southern District of New York for litigation of all remaining issues pursuant to 28 U.S.C. §1404(a).

IT IS SO ORDERED.


07/19/2006           s/Christopher A. Boyko
Date          CHRISTOPHER A. BOYKO
         United States District Judge
         Original Signature on File